UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| KEVIN RICE, | : |
| Plaintiff, | : |
| | : |
| v. | : No. 21-cv-0791 |
| | : |
| PHILADELPHIA | : |
| PRISON SYSTEM, *et al.* | : |
| Defendant. | : |

## MEMORANDUM

Joseph F. Leeson, Jr.                                                                             June 2, 2021
United States District Judge

      Plaintiff Kevin Rice, a former inmate who was housed at the Philadelphia Industrial Correctional Center ("PICC"), brings this *pro se* civil action pursuant to 42 U.S.C. § 1983 based upon the conditions of his confinement. (ECF No. 5.) In his Amended Complaint, Rice names the following Defendants: Philadelphia Prison System, Philadelphia Industrial Correctional Center, Officer Halstead, Sergeant Q. Thomas, Sergeant Miles, Jerry Elkins (PP# 1047864), Major Martin, and Medical Personnel. (*Id.*) Rice seeks leave to proceed i*n forma pauperis*. (ECF No. 4.) For the following reasons, Rice will be granted leave to proceed *in forma pauperis*, and his Amended Complaint[1] will be dismissed pursuant to 28 U.S.C. §

---

[1] An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted).

1915(e)(2)(B)(ii) for failure to state a claim. Rice will, however, be given an opportunity to file a second amended complaint.

I.  **FACTUAL ALLEGATIONS**

Rice was formerly housed at PICC where the events giving rise to his claim are alleged to have occurred. (ECF No. 5 at 4.)[2] According to the Amended Complaint, on June 7, 2019, between the hours of 8:00 and 9:00 p.m., Rice was awoken from his sleep when other inmates began beating him while he was locked in his cell. (*Id.*) Rice "thought he was dead" and "saw weapons with [his] blood on them." (*Id.*) The "officers" started spraying "them" with pepper spray, and Rice was taken to the medical office, and then placed in solitary confinement. (*Id.*) Rice alleges that while he was in solitary confinement, he "was told the officer let inmates in [his] cell because she did not like [him] for whatever reasons." (*Id.*) Rice does not specifically identify the officer who allegedly permitted other inmates to enter his cell.

Rice asserts a § 1983 claim,[3] and the Court understands that Rice alleges that his civil rights were violated when he was denied safety and protection by prison officials. (*Id.* at 3.) Rice avers that he suffered multiple stab wounds to the top of his head, neck, shoulders, back, and ear. (*Id.* at 5.) Rice had difficulty chewing and swallowing immediately following the

---

[2] The Court adopts the pagination assigned by the CM/ECF docketing system.

[3] The Court notes that Rice also checked off diversity as a basis for jurisdiction. (ECF No. 5 at 3.) To the extent Rice sought to raise state claims, he has not pled an independent basis for jurisdiction because the parties are not diverse. Title 28 U.S.C. § 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

incident, and avers that he still suffers from migraine headaches, sees "spots and images," and has trouble sleeping. (*Id.*) Rice fears crowds and loud noises. (*Id.*) He is taking several prescription medications and asserts that his business as a tractor-trailer driver is failing because his doctor wants him to see a psychologist. (*Id.*) Rice seeks accountability of the "individuals involved" and monetary damages in an amount greater than $50,000 "for [his] suffering." (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Rice leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Rice is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

### A. Claims Against the Philadelphia Prison System and PICC

Rice's claims against the Philadelphia Prison System are not plausible. City agencies are not suable entities under § 1983 because they do not have a separate legal existence. *See Vurimindi v. City of Philadelphia*, Civ. A. No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (holding that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia"). As the Third Circuit has held, "the Philadelphia Prison System, [a] department[ ] of the City of Philadelphia itself, [is] not [a] proper defendant[ ]" in an action brought under § 1983. *Russell v. City of Philadelphia*, 428 Fed. App'x 174, 177 (3d Cir. 2011) (citing 53 Pa. Con. Stat. Ann. § 16257; *Bey v. City of Philadelphia*, 6 F. Supp. 2d 422, 423 (E.D. Pa. 1998)); *see also Durham v. Philadelphia Prison Sys.*, Civ. A. No. 18-2113, 2018 WL 3105589, at *2 (E.D. Pa. June 25, 2018) (explaining that the "Philadelphia Prison System is not an entity that is subject to suit separate from the City of Philadelphia.") (citing 53 Pa. Cons. Stat. Ann. § 16257). Because the Philadelphia Prison System is not considered a "person" for purposes of § 1983, *Durham*, 2018 WL 3105589 at *2 (citing *Peele v. Philadelphia Prison Sys.*, Civ. A. No. 12-4877, 2015 WL 1579214, at *2 (E.D. Pa. April 8, 2015)), Rice's claims against it will be dismissed with prejudice.

Rice's claims against PICC will also be dismissed as implausible because a jail is not a "person" under Section 1983. *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976). Accordingly, the Court will dismiss Rice's claims against PICC with prejudice.

## B. Failure to Protect Claims

Rice's claims are best understood as arising from a failure to protect him in violation of his Eighth or Fourteenth Amendment rights.[4] This requires a showing that the defendants acted with deliberate indifference. More specifically, in order to state a claim under § 1983 against a prison official for failure to protect an inmate from violence, a plaintiff must plead facts that show: " (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

"Unconstitutional punishment typically includes both objective and subjective components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id.* (internal quotations and alterations omitted). In general, to allege a sufficiently culpable state of

---

[4] The Eighth Amendment governs claims of convicted and sentenced prisoners while the Fourteenth Amendment governs claims of pretrial detainees. *See Hubbard v. Taylor*, 399 F.3d 150, 164-66 (3d Cir. 2005). Although it is unclear whether Rice was a pretrial detainee or convicted and sentenced prisoner at the time of relevant events, the analysis of the claims is essentially the same.

5

mind a detainee must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991); *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *cf. Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (per curiam) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)).

There are no factual allegations that Officer Halstead, Sergeant Thomas, Sergeant Miles, Jerry Elkins, or Major Martin were involved in any of the allegedly violative conduct. Rice's use of the terms "officers," "they," and "medical personnel" does not attribute any conduct to any individual defendant. *See Lawal v. McDonald*, 546 F. App' x 107, 113 (3d Cir. 2014) (holding that the pleading which relied on "repeated and collective use of the word 'Defendants'" was ambiguous about each Defendant's role in the events giving rise to plaintiff's claims). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *Rode*, 845 F.2d at 1207; *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (quotations omitted); *see also Iqbal*, 556 U.S. at 676 (explaining that " [b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *see also Dooley v. Wetzel*, No. 19-1684 (3d Cir. Apr.

27, 2020, slip op. at 13 (holding that attaching documents to grievance form is insufficient under *Rode* to show personal direction or actual knowledge by recipient of underlying facts)).

Rice alleges that while he was locked in his cell, an unidentified officer permitted other inmates or persons to enter his cell, who subsequently beat him up. (ECF No. 5 at 4.) Rice does not specifically identify the officer who allegedly permitted other inmates to enter his cell, nor does he identify the inmates or other persons who beat him while he was locked in his cell, although it appears from an exhibit attached to the Amended Complaint that Defendant Elkins was one of the inmates. (*Id.* at 10.) Rice also does not include any facts as to the officers' appreciation of the danger of that action. Although Rice has specifically named defendants in his Amended Complaint, he has not indicated what any individual defendant knew or what he or she did to violate his constitutional rights. Furthermore, two of the named Defendants — Sergeant Miles and the Medical Staff — are alleged only to have provided assistance and medical care to Rice and appear to have been named as Defendants only because they witnessed certain relevant events rather than because they participated in a constitutional violation. (*Id.* at 7.) In these circumstances, Rice's claims fall short of plausible. However, he will be granted leave to amend his claims, both to provide additional facts, and to identify as best he can the corrections officers involved and the nature of their involvement.

IV. **CONCLUSION**

For the foregoing reasons, the Court will grant Rice leave to proceed *in forma pauperis*, dismiss his claims against the Philadelphia Prison System and PICC with prejudice, and dismiss the remainder of his Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Rice will be permitted to amend his claims. *See*

*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate Order follows.

                                            **BY THE COURT:**


                                            */s/ Joseph F. Leeson, Jr.*
                                            **JOSEPH F. LEESON, JR.**
                                            **United States District Judge**