## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

KEVIN RICE,                          :
    Plaintiff,                    :
                                 :
    v.                            :        No. 21-cv-0791
                                 :
PHILADELPHIA PRISON SYSTEM,          :
    Defendant.                    :

## O R D E R

AND NOW, this 2nd day of June, 2021, upon consideration of Plaintiff Kevin Rice's

Motion to Proceed *In Forma Pauperis* (ECF No. 4) and his *pro se* Amended Complaint (ECF

No. 5), it is **ORDERED** that:

1.       Leave to proceed *in forma pauperis*, ECF No. 4, is **GRANTED** pursuant to 28

U.S.C. § 1915.

2.       The Amended Complaint is **DEEMED** filed.

3.       Defendants Philadelphia Prison System and Philadelphia Industrial Correctional

Center are **DISMISSED WITH PREJUDICE**.

4.       The Clerk of Court is directed to **TERMINATE** the Philadelphia Prison System

and the Philadelphia Industrial Correctional Center as Defendants.

5.       The remainder of the claims in the Amended Complaint are **DISMISSED**

**WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii),

for the reasons stated in the Court's Memorandum.

6.       Rice is given leave to amend within thirty (30) days of the date of this Order in

the event he can state a plausible basis for a claim against an appropriate defendant.  Any second

amended complaint must identify all defendants in the caption of the second amended complaint

in addition to identifying them in the body of the second amended complaint and shall state the

basis for Rice's claims against each defendant.  The second amended complaint shall be a

complete document that does not rely on the initial Complaint, Amended Complaint, or any other

papers filed in this case to state a claim.  When drafting his second amended complaint, Rice

should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as

explained in the Court's Memorandum.  Upon the filing of a second amended complaint, the

Clerk shall not make service until so **ORDERED** by the Court.

       7.      The Clerk of Court is **DIRECTED** to send Rice blank copy of this

Court's current standard form to be used by a self-represented litigant filing a civil action bearing

the above-captioned civil action number.  Rice may use this form to file his amended complaint

if he chooses to do so.[1]

       8.      If Rice does not wish to file a second amended complaint and instead intends to

stand on his Amended Complaint as originally pled, he may file a notice with the Court within

thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a

final order dismissing the case.  Any such notice should be titled "Notice to Stand on Amended

Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*,

939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an

appropriate notice with the district court asserting his intent to stand on the complaint, at which

time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*,

532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d

Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with

prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those

---

[1] This form is available on the Court's website at
http://www.paed.uscourts.gov/documents2/forms/forms-pro-se.

claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9.        If Rice fails to file any response to this Order, the Court will conclude that Rice intends to stand on his Amended Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).